**MCMANIMON, SCOTLAND & BAUMANN, LLC**
427 Riverview Plaza
Trenton, NJ 08611
(609) 695-6070
Joseph R. Zapata, Jr. (jzapata@msbnj.com)
*Attorneys for Plaintiff, Andrea Dobin, Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>**CHRYSSOULA ARSENIS**,<br><br>Debtor. | Case No. 24-21859 (MEH)<br><br>Chapter 7<br><br>Honorable Mark Edward Hall, U.S.B.J. |
| **ANDREA DOBIN, Chapter 7 Trustee**,<br><br>Plaintiff,<br>v.<br><br>**SPYRIDON ARSENIS and GEORGE ARSENIS**,<br><br>Defendants. | Adv. Pro. No. |

**VERIFIED COMPLAINT TO AUTHORIZE SALE OF NON-DEBTOR INTERESTS IN REAL PROPERTY PURSUANT TO 11 U.S.C. § 363(h)**

Andrea Dobin, Chapter 7 Trustee ("**Trustee**") in the Chapter 7 bankruptcy proceeding of Chryssoula Arsenis, the Chapter 7 debtor (the "**Debtor**"), by way of complaint against Spyridon Arsenis and George Arsenis (collectively, the "**Defendants**"), respectfully alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over the subject matter pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157.

2. This is a core proceeding over which this Court has jurisdiction pursuant to 28 U.S.C. §§ 157(b)(2)(A), (N) and (O).

3. The venue is proper in this core proceeding pursuant to 28 U.S.C. § 1409.

4. This matter is brought pursuant to the equitable powers of the Court pursuant to 11 U.S.C. § 363(h) and Bankruptcy Rule 7001, *et seq.*

**PARTIES**

5. Defendant Spyridon Arsenis is a non-debtor and son of the Debtor and resides at 380 Claremont Rd., Bernardsville, New Jersey.

6. Defendant George Arsenis is a non-debtor and son of the Debtor and resides at 380 Claremont Rd., Bernardsville, New Jersey.

7. The Trustee, Andrea Dobin, is the Chapter 7 Trustee with a principal place of business at 427 Riverview Plaza, Trenton, NJ 08611.

**PROCEDURAL BACKGROUND**

8. On December 2, 2024 (the "**Petition Date**"), the Debtor filed a petition for relief under Chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

9. On March 18, 2026, an order was entered by the Court converting the case to Chapter 7.

10. On March 18, 2026, the Trustee was appointed to serve as the Chapter 7 Trustee in the Debtor's bankruptcy proceeding and qualified for and accepted said appointment.

**BACKGROUND**

11. On or about December 28, 2012, the Debtor and the Defendants purchased the real property commonly known as 380 Claremont Rd., Bernardsville, New Jersey (the "**Property**").

12. The Property is currently utilized by the Debtor and the Defendants as their primary residence.

13. The Property was not utilized by the Debtor as her residence at the time of the bankruptcy filing, but only became the Debtor's primary residence upon the Debtor's sale of her real property at 6 Quail Run, Warren, New Jersey during the Debtor's Chapter 11 case.

14. The Property has a value of approximately $7.0 - $9.0 million.

15. Upon information and belief, Blue Foundry Bank ("**Blue Foundry**") holds a first mortgage against the Property with a balance due of approximately $4,400,000.

16. Upon information and belief, Thomas Peters holds a second mortgage against the Property with a balance due of approximately $900,000.

17. The Defendants are co-obligors with the Debtor on both the Blue Foundry mortgage debt and the Thomas Peters mortgage debt.

18. On September 15, 2025, an order was entered granting Blue Foundry relief from the automatic stay to proceed with foreclosure proceedings against the Property.

19. To preserve the equity in the Property, upon being appointed, the Trustee took immediate steps to protect the Property from foreclosure sale.

20. On March 30, 2026, an order was entered by the Court reinstating the automatic stay against the Property.

21. Upon information and belief, in the absence of an order reinstating the automatic stay, the Property would have been sold at Sheriff Sale by June 30, 2026.

22. Upon information and belief, a sale of the Property at Sheriff Sale would result in no payment on the Thomas Peters mortgage debt.

**11 U.S.C. § 363(h)**

23. The Trustee seeks to sell the Defendants' interest in the Property, together with the estate's interest, for the benefit of the estate and its creditors.

24. Pursuant to 11 U.S.C. § 363(h), a trustee may sell the estate's interest and the interest of any co-owner in property in which the debtor had an undivided interest as a tenant in common, joint tenant or tenant by the entirety at the time of commencement of the case, if: (1) partition in kind of such property among the estate and such co-owners is impracticable; (2) the sale of the estate's undivided interest in the property would realize significantly less for the estate than the sale of such property free of the interests of such co-owners; (3) the benefit to the estate of a sale of the co-owner's interest outweighs the detriment to such co-owner; and (4) the property is not used in the production, transmission or distribution for sale of electric energy or natural or synthetic gas for heat, light or power.

25. Upon information and belief, the Property is a single-family residence making partition impracticable.

26. Upon information and belief, the sale of the estate's interest in the Property would yield significantly less for the estate than the sale of the Property free of the interest of the Defendants.

27. The benefit to the estate of the sale of the Property free of the interest of the Defendants outweighs the detriment, if any, to the Defendants from the sale of the Property.

28. The sale of the Property is expected to generate at least $500,000 for creditors of the bankruptcy estate, satisfy secured obligations and thus minimize the extent of deficiency claims against the Estate and thereby improve the distribution to the general unsecured creditor body.

29. In the absence of a sale of the Property by the Trustee, the Defendants will lose all value of and interest in the Property by virtue of a sheriff sale by Blue Foundry.

30. Upon information and belief, a sheriff sale of the Property would result in the Defendants receiving nothing on account of their interest from the Property and leave them with an obligation on the unsatisfied Thomas Peters mortgage obligation.

31. The Trustee's sale of the Property pursuant to 11 U.S.C. § 363(h) will afford the Defendants a distribution from the net proceeds of sale in accordance with 11 U.S.C. § 363(j).

32. Upon information and belief, the Property is not used in the production, transmission or distribution for sale of electric energy or of natural or synthetic gas for heat, light, or power.

**WHEREFORE**, the Trustee demands judgment against Defendants Spyridon Arsenis and George Arsenis as follows:

a. Authorizing the Trustee to sell Defendants' interest in the Property, together with the estate's interest therein;

b. Awarding attorneys' fees and costs; and

c. Granting such other and further relief as is just and appropriate.

Respectfully,

**MCMANIMON, SCOTLAND & BAUMANN, LLC**
*Attorneys for Plaintiff, Andrea Dobin*
*Chapter 7 Trustee*

By: */s/ Joseph R. Zapata, Jr.*
JOSEPH R. ZAPATA, JR.

Dated: March 31, 2026

**VERIFICATION**

**ANDREA DOBIN**, of full age, certifies as follows:

1. I serve as the Chapter 7 Trustee in the bankruptcy proceeding of Chryssoula Arsenis and am fully familiar with the facts and circumstances set forth herein.

2. I have reviewed the factual information contained herein, and the same is true and accurate to the best of my knowledge and belief.

I hereby certify that the foregoing statements made by me are true. If any of the foregoing statements are willfully false, I am subject to punishment.

Dated: March 31, 2026

By *<u>/s/ Andrea Dobin</u>*
ANDREA DOBIN